**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 08-01916-MD-MARRA/JOHNSON**


IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/


This Document Relates To:

ATS ACTIONS
_____/


NO. 08-80421-cv-MARRA/JOHNSON

JOHN DOE 1 *et al.*,
          v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/


NO. 08-80508-cv-MARRA/JOHNSON

JOSE LEONARDO LOPEZ VALENCIA *et al.*
          v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/


NO: 07-cv-60821-KAM

ANTONIO GONZALEZ CARRIZOSA, *et. al.*
          v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et. al.*
_____/


**MOTION FOR LEAVE TO TAKE DEPOSITIONS TO PERPETUATE TESTIMONY**

Plaintiffs respectfully move the Court for an order authorizing Plaintiffs to take a

deposition to perpetuate the testimony of Cyrus Freidheim Jr, pursuant to Fed. R. Civ. P.

26(d)(1), 30 and 45.  The instant request presents precisely the scenario this Court envisaged

when it invited parties to submit requests to perpetuate testimony where necessary: the identified witness possesses information that is material to Plaintiffs' claims, and there is a high risk that he will not be available to testify at trial.

Mr. Freidheim was a Chiquita official involved in paying the AUC and is a defendant in these actions, and there is a serious risk that his testimony will be lost if it is not perpetuated soon. He is, as best as Plaintiffs can determine, aged 78. Given the many stages remaining before trial or even a Rule 26(f) conference, there is a danger that his testimony will be unavailable due to death or lapse of memory.[1]

## BACKGROUND

This Motion relates to a number of lawsuits that were originally transferred to the Southern District of Florida for pre-trial purposes by the Judicial Panel on Multi-District Litigation on February 20, 2008. Transfer Order, Doc. 1. The Court stayed all discovery in the case pending resolution of interlocutory appeals on November 11, 2012. Order, Doc. 48. In July the 11th Circuit reversed this Court's denial of Defendants' motion to dismiss Plaintiffs' ATS claims (Order of July 24, 2014, *Cardona, et al. v. Chiquita Brands Int'l, Inc.*) and in October it denied Plaintiffs' petition for rehearing (Order of Oct. 2, 2014, *Cardona, et al. v. Chiquita Brands Int'l, Inc.*).[2] Discovery remains stayed, and there has not yet been a discovery conference pursuant to Fed. R. Civ. P. 26(f). Because the parties have only litigated Defendants' motion to dismiss, Plaintiffs have not yet conducted any discovery. All Plaintiffs have amended their complaint to include additional individual defendants, in addition to Chiquita Brands International, Inc. In its November 11, 2012, Order, the Court clarified that despite the stay on

---

[1] Indeed, Plaintiffs intended to submit an emergency request to perpetuate the testimony of Mr. Freidheim's co-defendant, Roderick Hills, but Mr. Hills passed away last month at the age of 83.
[2] On November 7, Plaintiffs moved to extend time to file a motion for reconsideration of the denial of the petition for rehearing. The 11th Circuit denied this motion on December 24.

discovery, any party could move the Court to grant discovery to perpetuate discovery as necessary.  Doc. 48 at 1-2.

## ARGUMENT

**1. Deponent Freidheim possesses unique and highly probative information that is relevant to Plaintiffs' claims.**

Deponent Freidheim was present for key meetings and discussions and made or participated in making decisions for Defendant Chiquita Brands International – including the decision to pay paramilitary groups in Colombia, conceal those payments, and continue making payments knowing that the paramilitaries would commit atrocities against Urabá civilians, which includes the Plaintiffs' deceased family members.  He is uniquely able to provide firsthand information about those decisions, which is material, non-cumulative, and highly probative of Plaintiffs' claims.

Witness and Defendant Cyrus Freidheim, Jr., was the Chairman of the Board of Directors and the CEO of Chiquita Brands International, Inc. from March 2002 until April 2004.  During his term as an executive, Chiquita admitted to the U.S. Department of Justice that it was paying a specially designated foreign terrorist organization.  According to a memo written by his co-defendant in this action, Robert Olson, Freidheim was inclined to risk legal action and let the U.S. Government sue Chiquita. *See, e.g.,* Second Amended Cmplt. ¶ 118.  As CEO, Freidheim reviewed and approved the payment arrangements to the AUC.  Plaintiffs therefore have reason to believe that Freidheim has relevant information – about both Chiquita's payment arrangements and its motivations in making those payments – that is probative of the *mens rea* required for aiding and abetting the abuses alleged in the complaints.

**2. The probability that the Deponent Freidheim will be unable to testify at trial due to advanced age justifies perpetuation depositions.**

This Court should grant leave to take a perpetuation deposition because of Mr. Freidheim's advanced age, which creates a high probability that he will be unavailable to testify when this case eventually goes to trial. Mr. Freidheim is 78 years old. Old age – and with it, the possibility of either death or loss of memory – are paradigmatic bases for courts to grant leave to take perpetuation depositions. In the leading case, the Third Circuit noted:

> "It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable future date . . . It is a fact of life, too, that the memory of events already dating back some eleven years grow dim with the inexorable march of time . . . [.]"

*Texaco v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967). Accordingly, the court held that age alone was sufficient to warrant perpetuating testimony, and that the district court's contrary decision was an abuse of discretion warranting mandamus. *Id. See also Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (district court erred by failing to consider that 81 year old witness's advanced age "presents a significant risk that he will be unavailable to testify by the time of trial").

The action against Defendant Chiquita Brands International was first filed in 2007. Once the 11th Circuit's mandate issues and the stay on proceedings in this Court is lifted, Chiquita may (and will likely) renew its *forum non conveniens*,[3] and the individual defendants may (and will likely) file their own Rule 12 motions. This means that ordinary Rule 26 discovery could be delayed for another year or more – time that only increases the likelihood that a septuagenarian witness will either no longer be living or will no longer have a clear memory of events that happened between ten and seventeen

---

[3] Chiquita's *forum non conveniens* motion was denied as moot because the complaint it sought dismissal of has been amended.

years ago.

**3. There are no countervailing factors counseling against granting the motion.**

While a denial of this motion would prejudice Plaintiffs, Defendants would suffer no prejudice if it were granted.  This limited discovery will not cause any delay to the proceedings and would proceed in parallel to whatever else happens in the subsequent course of the litigation once the Stay Order is lifted. Mr. Freidheim is himself a defendant in these actions and can expect to be deposed here as in any other litigation.  In addition, he resides in the United States, in North Palm Beach, Florida – which is close to the offices of Defendants' counsel – so preparation and travel for these depositions will not be a serious burden for Defendants. Any costs that Defendants would have to shoulder as a result of the need to prepare for depositions are easily outweighed by the prejudice to Plaintiffs of losing access to key testimony.  *See 19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000).

**CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiffs' Motion for Leave to Take Depositions to Perpetuate Testimony from Cyrus Freidheim, Jr.

Dated: December 26, 2014                                    Respectfully submitted,


                                                    /s/ JONATHAN G. KAUFMAN
                                                    Jonathan G. Kaufman
                                                    EarthRights International
                                                    Marco Simons
                                                    Richard Herz
                                                    Jonathan Kaufman
                                                    Marissa Vahlsing
                                                    Michelle Harrison
                                                    **EarthRights International**
                                                    1612 K Street NW #401
                                                    Washington, DC 20006
                                                    Tel: 202-466-5188

Paul L. Hoffman
**Schonbrun DeSimone Seplow Harris & Hoffman LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.,
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
 Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-994-5794

John DeLeon, FL Bar No. 650390
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143□
Tel: 305-740-5347
Fax: 305-740-5348

***Counsel for John Doe I Plaintiffs - original docket number: 9:08-cv-80421-KAM***
_____

James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.

West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357

Jack Scarola, FL Bar No. 169440
Wiliam B. King, FL Bar No. 181773
**Searcy Denney Scarola Barnhart & Shipley, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
Tel: 561-686-6300
Fax: 561-478-0754

***Counsel for Plaintiffs Jose and Josefa Lopez Nos.
1 through 116—Original docket number: 9:08-cv-
80508-
KAM***

⸻

William J. Wichmann
Attorney at Law
888 S.E. 3rd Avenue,
Suite 400
Fort Lauderdale FL 33316
Tel: 954-522-8999
Fax: 954-449-6332

***Counsel for Plaintiffs Antonio Gonzalez
Carrizosa, et. al. —Original docket number: 1:07-
cv-60821-KAM***

⸻

## CERTIFICATE OF SERVICE

I certify that, on December 26, 2014, a copy of this Motion for Leave to Take

Depositions to Perpetuate Testimony was electronically filed with the Court using CM/ECF.


Dated: December 26, 2014          By:     s/JOHN DELEON_____
                                          John DeLeon (Florida Bar No. 650390)
                                          **Law Offices of Chavez-DeLeon**
                                          5975 Sunset Drive, Suite 605
                                          South Miami, FL 33143
                                          Tel: 305-740-5347
                                          Fax: 305-740-5348