UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS
_____/

NO. 08-80421-cv-MARRA/JOHNSON

JOHN DOE 1 *et al.*,
    v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

NO. 08-80508-cv-MARRA/JOHNSON

JOSE LEONARDO LOPEZ VALENCIA *et al.*
    v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*
_____/

NO: 07-cv-60821-KAM

ANTONIO GONZALEZ CARRIZOSA, *et. al.*
    v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et. al.*
_____/

**PLAINTIFFS' EMERGENCY MOTION TO ISSUE REQUESTS FOR JUDICIAL ASSISTANCE TO THE CENTRAL AUTHORITY FOR THE HAGUE SERVICE CONVENTION OF THE REPUBLIC OF COLOMBIA TO PERPETUATE TESTIMONY**

## PLAINTIFFS' EMERGENCY MOTION TO ISSUE REQUESTS FOR JUDICIAL ASSISTANCE TO THE CENTRAL AUTHORITY FOR THE HAGUE SERVICE CONVENTION OF THE REPUBLIC OF COLOMBIA TO PERPETUATE TESTIMONY

Plaintiffs respectfully move this court to issue Requests for Judicial Assistance, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to the Central Authority of the Republic of Colombia, for the taking of depositions to perpetuate the testimony of Roldan Pérez, Mangones Lugo, and Rendón Herrera, pursuant to 28 U.S.C. § 1781(b)(2) and Fed. R. Civ. P. 28(b)(1)(A) & (B). The instant requests present precisely the scenario this Court envisaged when it invited parties to submit requests to perpetuate testimony where necessary: the identified witnesses possess information that is material to Plaintiffs' claims, and there is a high risk that they will not be available to testify at trial.

Each of these deponents is a central figure in this case. Roldan Pérez, Mangones Lugo and Rendón Herrera (collectively, the "Paramilitary Witnesses") were commanders in the AUC units that killed plaintiffs' relatives. There is a serious risk that the testimony of each will be lost if it is not perpetuated soon. Specifically, the Paramilitary Witnesses are currently in prison in Colombia but are scheduled for release by the end of 2014, at which point they may be impossible to locate. Because the intended deponents very soon will be unavailable for deposition, Plaintiffs respectfully request that the Court expedite its consideration of this Motion.

Plaintiffs have consulted with Defendant Chiquita Brands International, and Defendant is opposing our motion. Plaintiffs have been unable to consult with the other, individual Defendants, as their counsel have not yet appeared in this case.

## BACKGROUND

This Motion relates to a number of lawsuits that were originally transferred to the

1

Southern District of Florida for pre-trial purposes by the Judicial Panel on Multi-District Litigation on February 20, 2008. Transfer Order, Doc. 1. The Court stayed all discovery in the case pending resolution of interlocutory appeals on November 11, 2012. Order, Doc. 48. Discovery remains stayed, and there has not yet been a discovery conference pursuant to Fed. R. Civ. P. 26(f). Because the parties have only litigated Defendants' motion to dismiss, Plaintiffs have not yet conducted any discovery. All Plaintiffs have amended their complaint to include additional individual defendants, in addition to Chiquita Brands International, Inc.  In its November 11, 2012, Order, the Court clarified that despite the stay on discovery, any party could move the Court to grant discovery to perpetuate discovery as necessary.  Doc. 48 at 1-2.

## ARGUMENT

**A. The court should grant leave to take preservation depositions because there is good cause to believe that testimony material to Plaintiffs' case will be absent at trial as a result of the deponents' unavailability.**

The Court should grant this Motion in order to "prevent a failure or delay of justice" that will be occasioned because "[material] witness[es] may be unavailable for trial." *See 19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 347 (E.D. Pa. 2000).  *See also Central Bank of Tampa v. Transamerica Ins. Group,* 128 F.R.D. 285, 286 (M.D. Fla. 1989) (in Rule 27(b) context, perpetuation of testimony is intended for "those instances where it appears that the passage of time or the unavailability of witnesses pending the hearing of the appeal and possible new trial would cause injustice.").  The evidence that these witnesses may offer is not cumulative; they are uniquely in a position to offer this evidence, which is relevant and material to the Plaintiffs' claims. *See In re Bay City Middlegrounds Landfill Site v. Kuhlman Electric Corp*., 171 F.3d 1044, 1047 (6th Cir. 1999); *Cent. States v. Nagy Ready Mix, Inc.*, No. 10 cv 0358, 2012 U.S. Dist. LEXIS 181942 at *4 (N.D. Ill. Dec. 27, 2012).

All of these witnesses have highly relevant – and in some cases unique – knowledge of Defendants' role in either the payments to the AUC or the murder and torture alleged in the complaints, or both, and it would be unjust to the Plaintiffs if their testimony were unavailable at trial.

**1. The Paramilitary Witnesses possess unique and highly probative information that is relevant to Plaintiffs' claims.**

Plaintiffs allege that Chiquita representatives attended a meeting with paramilitary commander Carlos Castaño Gil and others in order to broker an agreement whereby the banana company would pay a surcharge on each crate of bananas in exchange for assistance from the paramilitaries. *See, e.g.*, Second Amended Cmplt. ¶¶ 165-66, Doc. 589. The paramilitary commanders have direct and personal knowledge of that meeting and the types of services that paramilitaries provided to Chiquita pursuant to the 1997 agreement. The three Paramilitary Witnesses each had personal experience with the arrangements between paramilitary groups and Defendant Chiquita, and their testimony will be material, non-cumulative, and highly probative to Plaintiffs' claims. *See Kuhlman*, 171 F.3d at 1047.

　　*a. Jesús Ignacio Roldan Pérez*

Witness Roldan Pérez (a.k.a. "Monoleche") was the chief of security for the Castaño family, which ran the Autodefensas Unidas de Colombia ("AUC"), the alliance of right-wing, government-aligned paramilitary units that Plaintiffs allege killed their family members. He was one of the closest figures to Carlos Castaño Gil, the chief of the AUC, who personally met with Chiquita and Banadex executives in 1997 to negotiate the original payment arrangement between Chiquita and the AUC.[1] In his testimony under the Law of Justice and Peace, Mr. Roldan Pérez claimed to have direct knowledge of the financing arrangement in his capacity as a close

---

[1] C.I. Bananos de Exportación, S.A. ("Banadex") was Chiquita's former Colombian subsidiary, which until 2004 owned and operated banana farms in Urabá and Santa Marta.

3

associate of Castaño Gil. Kaufman Decl., Ex. L. Plaintiffs thus have reason to believe that Roldan Pérez has highly relevant information about the original circumstances of the 1997 deal between Castaño Gil and Chiquita, which will be probative to Chiquita's motives for paying the AUC and Chiquita's defense of duress.

### b. *José Gregorio Mangones Lugo*

Witness Mangones Lugo (a.k.a. "Carlos Tijeras") was the commander of the William Rivas Front of the AUC in Ciénaga, Madgalena Department, in the early 2000s. Kaufman Decl., Ex. K. Ciénaga is in the banana-growing region of Colombia and was the location of a number of the murders alleged in at least one of the complaints in this action. Mangones Lugo has testified in open court in Colombia that he struck a deal with Defendant Chiquita whereby Defendant would pay three cents for each crate of bananas exported from the region, an arrangement that was modeled on Chiquita's earlier deal with the AUC in Urabá. Plaintiffs thus have reason to believe that Mangones Lugo has highly relevant information about the payment arrangements between Chiquita and AUC commanders, as well as the services that Chiquita paid for through the surcharge on banana exports.

### c. *Freddy Rendón Herrera*

Witness Rendón Herrera (a.k.a. "El Alemán") was the commander of the Elmer Cárdenas Bloc of the AUC in Antioquia and Chocó Departments. He has testified in open court in Colombia that Chiquita paid the AUC, and that his unit received financing and support from Chiquita. Rendón Herrera declared in 2007, "It is a secret to nobody, especially in the zone of Urabá, that the multinationals paid these funds for the matter of security using a corporation as an intermediary." Kaufman Decl., Ex. H (original in Spanish: "Para nadie es un secreto, especialmente en la zona de Urabá (noroeste), que las multinacionales pagaban esos recursos por

intermedio de una corporación para el tema de seguridad."). Plaintiffs thus have reason to believe that Rendón Herrera has relevant information that is probative of the means that Chiquita used to hide the nature of its payments and ensure that they were funneled to the paramilitaries, as well as the services that Chiquita received in return for the payments it made.

2. **The Paramilitary Witnesses will be difficult – if not impossible – to locate after their release from prison.**

According to news reports, the Paramilitary Witnesses may be released from prison imminently. Kaufman Decl., Ex. I. Once they are released, Plaintiffs will likely be unable to locate them and will not be able to secure their testimony for trial. This is not merely a speculative concern. Each of the deponents has particular circumstances that weigh in favor of perpetuating his testimony now:

- Deponent Rendón Herrera has been the subject of an extradition request from the U.S. Government – a request that was denied because the Colombian Supreme Court determined that his crimes against the Colombian state were more serious than the crimes for which he was wanted in the United States. Kaufman Decl., Ex. J. He clearly has a strong incentive to abscond as soon as he is released from prison in order to avoid the possibility of extradition to the U.S.

- Unlike many other paramilitary commanders who demobilized voluntarily, Deponent Mangones Lugo was a fugitive from justice when he was captured in 2004 and prosecuted for murder, money laundering, and document falsification. (Kaufman Decl., Ex. K.) There is no reason to expect that he will make himself available for examination upon release.

- Deponent Roldán Pérez has confessed to the murder of Carlos Castaño Gil, the chief of the AUC – the confederation of all paramilitary groups that exercised tremendous power

5

during the Colombian civil war. Kaufman Decl., Ex. L.  He has a strong incentive to keep a low profile upon release to avoid retaliation for his transgression against such a powerful figure.

In addition to these specific considerations, all three of the Paramilitary Witnesses have admitted to committing atrocities that directly affected the lives of thousands of people.  It is to be expected that they will all take great precautions not to be discovered by their many enemies upon release from prison, and will be difficult – if not impossible to find.

Courts have granted requests for perpetuation of testimony when the intended deponent is likely to be outside the United States and difficult to locate or unlikely to cooperate at the time of trial.  In *United States v. O'Sullivan*, 553 F. Supp. 2d 1349, 1351 (M.D. Fla. 2008), for example, the court authorized a perpetuation deposition of a witness who was facing removal proceedings and was likely to have been deported to Jamaica by the time of trial.  In *In re Petition of Rosario*, 109 F.R.D. 368, 371 (D. Mass. 1986), the court denied a petition for depositions to perpetuate the testimony of a hospital patient who was scheduled for discharge and would be difficult to find, but suggested it would have granted the petition if the witness was going to be outside the country at the time of trial.  And in *Calderon v. United States Dist. Court (Thomas)*, 144 F.3d 618, 622 (9th Cir. 1998), the court granted perpetuation testimony based in part on well-founded concerns that a witness was subject to intimidation and was likely to be non-cooperative at the time of trial.  Similarly here, the Court should grant perpetuation depositions of the Paramilitary Witnesses because the witnesses will be outside the United States, and Plaintiffs will likely be unable to locate them or obtain their cooperation after a Rule 26(f) conference – which is certain not to take place prior to their release from prison.

### 3. There are no countervailing factors counseling against granting the motion.

While a denial of this motion would work extreme prejudice against Plaintiffs, Defendants would suffer no prejudice if it is granted. *See Sullivan*, 553 F. Supp. 2d at 1351. All Defendants will have advance notice of any deposition that will take place in Colombia and will be able to participate. All of the witnesses are individuals who would be deposed in the ordinary course of litigation. Plaintiffs will incur the expenses of noticing the deposition, and not the Defendants; any costs that Defendants would have to shoulder as a result of the need to prepare for depositions in Colombia are easily outweighed by the prejudice to Plaintiffs of losing access to key testimony. *See 19th St. Baptist Church*, 190 F.R.D. at 349. Moreover, this limited discovery will not cause any delay to the proceedings. Plaintiffs are currently awaiting the issuance of the mandate and the lifting of the stay, and these depositions would proceed in parallel to whatever else happens in the subsequent course of the litigation.

### B. The Court Should Issue Requests for Judicial Assistance to Colombia for the Deposition of the Paramilitary Witnesses.

While Plaintiffs are actively seeking the voluntary cooperation of the Paramilitary Witnesses, it remains likely that the witnesses will be released from prison and will disappear without the possibility of obtaining their testimony through compulsory process. Plaintiffs therefore move this Court to issue a Request for Judicial Assistance to the Ministry of Foreign Relations of the Republic of Colombia – which is Colombia's Central Authority for the purposes of the Hague Evidence Convention – requesting depositions of the Paramilitary Defendants. The proposed Requests are attached to the Declaration that accompanies this Motion and Memorandum.

Both the United States and Colombia are parties to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S.

7

231 ("Hague Evidence Convention"). The U.S. State Department advises litigants that because Colombia has made no declarations to the Hague Evidence Convention, requests for compulsion of evidence are to be "transmitted directly from the requesting court or person in the United States to the Colombian Central Authority and do not require transmittal via diplomatic channels." Kaufman Decl. ¶ 7.[2] This advice is consistent with 28 U.S.C. § 1781(b)(2), which preserves the authority of U.S. tribunals to issue requests for judicial assistance directly to foreign authorities. Because the Paramilitary Witnesses are not subject to the *in personam* jurisdiction of this Court and are located in a foreign country, issuance of Requests for Judicial Assistance are the proper means to request Colombia to exercise its compulsory jurisdiction in order to perpetuate their testimony in this case. *See, e.g., In re Anschuetz & Co., GmbH*, 754 F.2d 602, 615 (5th Cir. 1985) ("the Hague Convention is to be employed with the involuntary deposition of a party conducted in a foreign country, and with the production of documents or other evidence gathered from persons or entities in the foreign country who are not subject to the court's in personam jurisdiction").

As provided for in Rule 28(b)(3), the Requests for Judicial Assistance are captioned as required by the Hague Evidence Convention. The Requests are written in English and accompanied by a Spanish language translation. *See* Hague Evidence Convention art. 4 ("A Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language.") In conformity with Article 3 of the Hague Evidence Convention, they specify the following:

- the authority requesting its execution and the authority requested to execute it;
- the names and addresses of the parties to the proceedings and their representatives;

---

[2] The U.S. State Department also advises litigants that by not objecting to voluntary depositions of willing witnesses in civil or commercial matters, Colombia allows such depositions to be taken by U.S. consular officers and private attorneys within Colombia. Kaufman Decl. ¶ 6. As noted *supra*, Plaintiffs are actively pursuing the consent of the Paramilitary Witnesses to be deposed but also seek Requests for Judicial Assistance out of an abundance of caution.

- the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
- the evidence to be obtained;
- the names and addresses of the persons to be examined;
- a statement of the subject-matter about which the deponents are to be examined; and
- the requirement that the evidence is to be given on oath or affirmation, and a request for oral examination, a verbatim transcript, and the opportunity for Plaintiffs; lawyers to question the witness directly.

The proposed Requests for Judicial Assistance are modeled on the Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, which are recommended by the U.S. State Department and provided by the World Conference for Cross-border Co-operation in Civil and Commercial Matters. Decl. ¶¶ 7 & 8.

In the alternative, if the Court proposes another means of obtaining a compulsory subpoena for evidence from the Paramilitary Deponents in Colombia, Plaintiffs will promptly prepare an appropriate submission pursuant to the Court's instructions.

### C. The Court should expedite consideration of this Motion.

Expedited treatment of this Motion is appropriate because the Paramilitary Defendants will be released from prison very soon; as explained *supra* Section A.2, Plaintiffs will likely be unable to locate them after they are free. While Plaintiffs have been unable to learn the average time that the Colombian Central Authority for the Hague Evidence Convention takes to process of Requests for Judicial Assistance, Plaintiffs are advised that in many countries, such requests often take months. We therefore respectfully request that the Court treat this Motion as urgent and issue the requested relief as soon as possible.

### CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Emergency Motion to Issue Requests for Judicial Assistance to the Central Authority for the Hague Evidence Convention of

9

the Republic of Colombia, for the taking of depositions to perpetuate the testimony of Jesús Ignacio Roldan Pérez, José Gregorio Mangones Lugo, and Freddy Rendón Herrera.

Dated: December 26, 2014

Respectfully submitted,

/s/ JONATHAN G. KAUFMAN
Jonathan G. Kaufman
EarthRights International
Marco Simons
Richard Herz
Jonathan Kaufman
Marissa Vahlsing
Michelle Harrison
**EarthRights International**
1612 K Street NW #401
Washington, DC 20006
Tel: 202-466-5188

Paul L. Hoffman
**Schonbrun DeSimone Seplow Harris & Hoffman LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.,
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
 Fax: 202-782-8368

Arturo Carrillo

**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-994-5794

John DeLeon, FL Bar No. 650390
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

*Counsel for John Doe I Plaintiffs - original docket number: 9:08-cv-80421-KAM*
_____

James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357

Jack Scarola, FL Bar No. 169440
Wiliam B. King, FL Bar No. 181773
**Searcy Denney Scarola Barnhart & Shipley, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
Tel: 561-686-6300
Fax: 561-478-0754

*Counsel for Plaintiffs Jose and Josefa Lopez Nos. 1 through 116—Original docket number: 9:08-cv-80508-KAM*
_____

William J. Wichmann
Attorney at Law
888 S.E. 3rd Avenue,
Suite 400
Fort Lauderdale FL 33316
Tel: 954-522-8999

11

Fax: 954-449-6332

*Counsel for Plaintiffs Antonio Gonzalez Carrizosa, et. al. —Original docket number: 1:07-cv-60821-KAM*

———

## CERTIFICATE OF SERVICE

I certify that, on December 26, 2014, a copy of this Emergency Motion to Issue Requests for Judicial Assistance to the Central Authority for the Hague Service Convention of the Republic of Colombia to Perpetuate Testimony was electronically filed with the Court using CM/ECF.

Dated: December 26, 2014     By:     s/JOHN DELEON
John DeLeon (Florida Bar No. 650390)
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

13