# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 08-01916-MD-MARRA/JOHNSON**

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND SHAREHOLDER DERIVATIVE LITIGATION

_____/

This Document Relates To:
ATS ACTIONS

_____/

**AMENDED LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**TO THE REPUBLIC OF COLOMBIA FOR THE TAKING OF EVIDENCE FROM**
**JESÚS IGNACIO ROLDAN PÉREZ**

**AMENDED LETTER OF REQUEST**

Request for International Judicial Assistance Pursuant to the Hague
Convention of 18 March 1970 on the Taking of Evidence in Civil
or Commercial Matters By the United States District Court
For the Southern District of Florida

Honorable Kenneth A. Marra

**TO THE COLOMBIAN MINISTRY OF FOREIGN AFFAIRS:**

The United States District Court for the Southern District of Florida presents its

compliments to the Ministry of Foreign Affairs, the appropriate judicial authority of the Republic

of Colombia, **and requests to amend its prior request for international judicial assistance to**

**obtain witness testimony of Jesús Ignacio Roldán Pérez.**  This Court requests the assistance

described herein pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence

Abroad in Civil or Commercial Matters, as adopted and implemented in the United States of

America at 28 U.S.C. § 1781, and in the Republic of Colombia by the Law 1282 of 2009.  The

United States District Court for the Southern District of Florida 1s a competent court of law and

equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction.

The witness testimony of Jesús Ignacio Roldán Pérez is intended for use in civil proceedings before this court in the above-captioned matter.  **A letter of request for his testimony was issued by this court on April 28, 2015.  This additional letter of request is intended to ensure that the parties are granted at least 14 hours, divided equally between the Plaintiffs and Defendants, to examine this witness. To that end, Part 13, below, has been amended to specify the time required for the examination.**  This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in the Republic of Colombia.  In the proper exercise of its authority, this Court has determined that the witness testimony of Jesús Ignacio Roldán Pérez cannot be secured except by the intervention of the Colombian Ministry of Foreign Affairs.

**LETTER OF REQUEST**

1. <u>**Senders**</u>

Judge Kenneth A. Marra
U.S. District Court for the Southern District of Florida
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis St.
West Palm Beach, FL 33401
USA

2. <u>**Central Authority of the Requested State**</u>

Ministerio de Relaciones Exteriores
Dirección de Asuntos Migratorios, Consulares, y Servicio al Ciudadano
Edificio Luís López de Mesa
Carrera 6, Numero 9 - 46
Bogotá D.C.
COLOMBIA

3. <u>**Person to whom the executed request is to be returned**</u>

2

Clerk of Court
U.S. District Court for the Southern District of Florida
8th Floor SOUTH
400 North Miami Ave.
Miami, FL 33128
USA

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

**Date**

**August 2015**

**Reason for Urgency**

Witness has been eligible for release from prison since the end of 2014 and will be difficult to locate after he is released.

5. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

a. **Requesting judicial authority (article 3(a))**

Judge Kenneth A. Marra
U.S. District Court for the Southern District of Florida
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis St.
West Palm Beach, FL 33401
USA

b. **To the competent authority of (article 3(a))**

Republic of Colombia

c. **Name of the case and any identifying number**

*In re Chiquita Brands International. Inc. Alien Tort Stature and Shareholder Derivative Litigation*, No. 08-01916-MD-MARRA (S.D. Fla.)

6. **Names and addresses of the parties and their representatives (including representatives in the requested State) (article 3(b))**

a. **Plaintiffs**

3

There are several thousand individual plaintiffs, most of whom have been identified by pseudonyms for their own protection.  The names of the plaintiffs as identified in the most recent amended Complaints are as follows:

John Doe I *et al.*
Sara Matilde Moreno Manjarres *et al.*
Antonio Gonzalez Carrizosa *et al.*
José y Josefa López Nos.  116
Docs I  144
Pérezes 96-795
Cramen Túlia Córdoba Cuesta *et al.*
Angela Maria Henao Montes *et al.*

All plaintiffs can be contacted through counsel for John Doe I *et al.*:
Marco Simons
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

### Plaintiffs' Representatives

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Marco Simons
Richard Herz
Michelle Harrison
Jonathan Kaufman
Marissa Vahlsing
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

Paul L. Hoffman
**Schonbrun, Desimone, Seplow, Harris, Hoffman & Harrison LLP**
723 Ocean Front Walk
Venice, CA 90291

Tel: 310-396-0731
Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-994-5794

John DeLeon, FL Bar No. 650390
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

*Counsel for John Doe I Plaintiff*

Jonathan C. Reiter
**Law Firm of Jonathan C. Reiter**
350 Fifth Avenue, Suite 2811
New York, NY 10118
Tel: 212-736-0979
Fax: 212-268-5297

Ronald S. Guralnick, FL Bar No. 111476
**Ronald Guralnick, P.A.**
Bank of America Tower at International Place
I 00 S.E. 2d Street, Suite 3300
Miami, FL 33131
Tel: 305-373-0066
Fax: 305-373-1387

*Counsel for Plaintiffs Sara Matilde Moreno Manjarres et al.*

William J. Wichmann
Attorney at Law
888 S.E. 3rd Avenue, Suite 400
Fort Lauderdale, FL 33316

Tel: 954-522-8999
Fax: 954-449-6332

*Counsel for Plaintiffs Antonio Gonzalez Carrizosa, et al.*

James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperante, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357

Jack Scarola, FL Bar No. 169440
Wiliam B. King, FL Bar No. 181773
**Searcy Denney Scarola Barnhart & Shipley, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
Tel: 561-686-6300
Fax: 561-478-0754

*Counsel for Plaintiffs Jose and Josefa Lopez Nos. 1 through 116*

Terrence P. Collingsworth
**Conrad & Scherer, LLP**
1156 15th St. NW, Suite 502
Washington, D.C. 20005
Tel: 202-543-4001
Fax: 866-803-1125

Eric J. Hager
**Conrad & Scherer, LLP**
Avenida República de El Salvador 500 c Irlanda Edificio Siglo XXI, PH Oficina W Quito,
Ecuador
Tel: 954-462-5500 ext. 461
Fax: 866-803-1125

*Counsel for Plaintiffs DOES 1-144 and PEREZES (96-795), and Carmen Tulia Cordoba
Cuesta et al.*

Sigrid S. McCawley
**Boies, Schiller & Flexner LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011

Fax: 954-356-0022

Stephen N. Zack
**Boies, Schiller & Flexner LLP**
100 S.E. Second St., Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Fax: (305) 539-1307

Karen C. Dyer
**Boies, Schiller & Flexner LLP**
121 South Orange Ave., Suite 840
Orlando, FL 32801
Tel: (407) 425-7118
Fax: (407) 425-7047

Nicholas A. Gravante Jr.
Lee S. Wolosky
Magda M. Jimenez Train
**Boies, Schiller & Flexner LLP**
575 Lexington Ave., 7th Floor
New York, NY 10022
Tel: 212-446-2300
Fax: 212-446-2350

*Counsel for Plaintiffs Angela Maria Henao Montes, et al.*

b.  <u>**Defendants**</u>

Defendants' names are:

Chiquita Brands International, Inc.
Chiquita Fresh North America LLC
Cyrus Freidheim
Robert Olson
Charles Keiser
William Tsacalis
Robert Kistinger
Fernando Aguirre
Steven Warshaw
Keith Lindner

Defendants can all be contacted through lead counsel for Chiquita Brands International, Inc.:

John E. Hall
COVINGTON & BURLING LLP
One CityCenter

7

850 Tenth St. NW
Washington, D.C. 20001
UNITED STATES OF AMERICA
Telephone: (202) 662-6000
Fax: (202) 662-6291
jhall@cov.com

### Defendants' Representatives

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth A venue
New York, NY 10018
UNITED STATES OF AMERICA
Telephone: (212) 841-1000
Fax: (212) 841-1010

John E. Hall
Patrick S. Davies
James M. Garland
Shankar Duraiswamy
José L Arvelo
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, D.C. 20001
UNITED STATES OF AMERICA
Telephone: (202) 662-6000
Fax: (202) 662-6291

*Counsel for Defendants Chiquita Brands International, Inc., Chiquita Fresh North America LLC, and Fernando Aguirre*

Michael G. Austin
Ardith Bronson
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-5341
UNITED STATES OF AMERICA
Telephone: (305) 423-8500
Fax: (305) 503-9583

*Counsel for Defendants Cyrus Freidheim and Robert Kistinger*

David S. Krakoff

James T. Parkinson
BUCKLEYSANDLER LLP
1250 24th Street, N.W., Suite 700
Washington, D.C. 20037
UNITED STATES OF AMERICA
Telephone: (202) 349-8000
Fax: (202) 349-8080

L. Louis Mrachek
MRACHEK, FITZGERALD, ROSE, KONOPKA, THOMAS & WEISS, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, Florida 33401
UNITED STATES OF AMERICA
Telephone: (561) 655-2250
Fax: (561) 655-5537

***Counsel for Defendant Charles Keiser***

J. Michael Burman, Esq.
Bernard A. Lebedeker, Esq.
REID BURMAN LEBEDEKER
222 Lakeview Ave., Suite 1160
West Palm Beach, FL 33401
UNITED STATES OF AMERICA
Telephone: (561) 659-7700
Fax: (561) 659-6377

***Counsel for Defendants Keith Lindner and Steven Warshaw***

Jeffrey A. Neiman
MARCUS NEIMAN & RASHBAUM
100 Southeast Third Avenue
Suite 805
Fort Lauderdale, FL 33394
UNITED STATES OF AMERICA
Telephone: (954) 462-1200
Fax: (954) 688-2492

Elissa J. Preheim
R. Stanton Jones
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
UNITED STATES OF AMERICA
Telephone: (202) 942-5000
Fax: (202) 952-5999

*Counsel for Defendant Robert Olson*

John H. T. Murray, Jr.
SQUIRE PATTON BOGGS (US) LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401
UNITED STATES OF AMERICA
Telephone: (561) 650-7213
Fax: (561) 655-1509

*Counsel for Defendant William Tsacalis*

**7.**

    a.  **Nature of the proceedings (article 3(c))**

Tort suit for damages

    b.  **Summary of complaint**

Plaintiffs allege that Defendant Chiquita Brands International, Inc. and the individual defendants intentionally supported Colombian paramilitary groups in Uraba in exchange for security services and assistance in suppressing labor organizations, leading to the murder and torture of Plaintiffs and their family members.

    c.  **Summary of defenses**

Defendants argue that they are not liable for Plaintiffs' injuries, among other things, because the payments that give rise to Plaintiffs' claims were extorted, that the Court does not have personal or subject matter jurisdiction, that Plaintiffs have not stated a claim upon which relief can be granted, that Plaintiffs' claims are time-barred, and that Colombia is the more appropriate forum to adjudicate any remaining claims.

**8.**

    a.  **Evidence to be obtained or other judicial act to be performed (article 3(d))**

Evidence relating to Plaintiffs' allegations and claims, and Defendants' defenses.

    b.  **Purpose of the evidence or judicial act sought**

Proof of Plaintiffs' civil claims and Defendants' defenses.

    **9.**  **Identity and address of any person to be examined (article 3(e))**

Jesús Ignacio Roldán Pérez

Carcel de Itagüí
Carrera 70 Número 23-10
Barrio Sanfrancisco
Itagüí - Antioquia
COLOMBIA

10. **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3(f)**

Plaintiffs wish to examine Witness Roldán Perez about the payment arrangements between Chiquita and the AUC, focusing in particular on the 1997 meeting at which Chiquita executives agreed to pay the AUC. Specifically, the Plaintiffs request investigation of the following topics:

1. **Meetings between Chiquita/Banadex executives and AUC commanders.**

   - Did Chiquita or Banadex executives and AUC commanders ever meet? How do you know?
   - If they did meet, what did they speak about? How do you know?
   - If they did meet, who attended the meetings? How do you know?
   - If they did meet, what were the circumstances of the meeting(s)'?
   - Were you present at any such meetings?

2. **Payments from Chiquita/Banadex to the AUC**

   - Please tell us everything you know about Chiquita's payment arrangements with the AUC or any subdivision of the AUC. How do you know these things?
   - Did any paramilitary unit that you are aware of provide any services to Chiquita and/or Banadex? How do you know?
   - If any paramilitary unit did provide services to Chiquita and/or Banadex, were those services provided in exchange for Chiquita's payments? How do you know?
   - Did Chiquita and/or Banadex make any arrangements to hide payments to the AUC from government regulators? How do you know?
   - If any arrangements to hide the payments were made, what were those arrangement? How do you know?
   - What did the AUC do with any money that it received from Chiquita/Banadex? How do you know?
   - Was the money the AUC received from Chiquita/Banadex(**sic**) important for the AUC? How do you know?
   - If it was important, how was it important'?
   - Did Chiquita/Banadex know what the AUC did with the money it paid to the AUC? How do you know?
   - Did Chiquita or Banadex ever ask the AUC to put the money to a particular purpose? How do you know''
   - If Chiquita or Banadex did ask the AUC to put money to a particular purpose, what was that purpose? How do you know?

11

- If Chiquita or Banadex did ask the AUC to put money to a particular purpose, what was the AUC's response?  How do you know?
- Did Chiquita or Banadex ever ask the AUC *not* to use the money for a particular purpose?  How do you know?
- If Chiquita or Banadex did ask the AUC *not* to use the money for a particular purpose, what was that purpose?
- If Chiquita or Banadex did ask the AUC *not* to use the money for a particular purpose, what was the AUC's response?  How do you know?

**3.   Other assistance from Chiquita/Banadex to the AUC**

- To your knowledge, did Chiquita or Banadex ever help the AUC acquire weapons or ammunition?  How do you know?
- If Chiquita or Banadex did help the AUC to acquire weapons or ammunition, please explain everything you know about that.

**4.   Alignment between AUC and Chiquita/Banadex**

- Did the AUC see its interests to be aligned with Chiquita's or Banadex's in the civil war?  How do you know?
- If the AUC did see its interests to be aligned with Chiquita's or Banadex's in the civil war, in what way?
- Did Chiquita or Banadex see its interests to be aligned with the AUC's?  How do you know?
- If Chiquita or Banadex did see its interests to be aligned with the AUC's?  If so, in what way?

**5.   Contact between Chiquita/Banadex employees and the AUC**

- Did any Chiquita and/or Banadex employee have contact with any AUC individual or unit?  How do you know?
- If there was any such contact, which Chiquita/Banadex employees were involved?  How do you know?
- If there was any such contact, which AUC units or individuals were involved?  How do you know?
- If there was any such contact, what was the purpose of the communication?  How do you know?
- If there was any such contact, what was discussed?  How do you know?
- If there was any such contact, what was the form of the communication (e.g. telephone or in person)?  How do you know?

Defendants object or reserve the right to object to the above questions on various grounds, including but not limited to lack of foundation.  This Court will consider and rule upon Defendants' objections at an appropriate time.

Defendants wish to ask the following questions, among others:

1. When did you serve as a member of paramilitary or "*autodefensa*" groups, including the AUC, and what was your role in that organization?

2. Did you, as a paramilitary. operate or command a group in the banana zones of Antioquian Uraba and Magdalena?

3. Did paramilitaries acquired effective control over the regions where they operated?

4. In your opinion, did the AUC provide security to the population in the regions under its control? How so?

5. Did paramilitaries engage in violence against those who refused to comply with their orders or demands?

6. Was the Colombian government willing or able to stop or counter the AUC?

7. How much of the AUC's funding came from drug trafficking?  Kidnapping?  Extortion?  Chiquita?  Other sources?  How do you know?

8. Did the A UC charge taxes, tolls, or *vacunas*?  Who paid them?  Which companies?  Did anyone refuse to pay?  What happened to them?

9. Do you have personal, first-hand knowledge about Chiquita's payments to paramilitaries?

10. Do you have personal, first-hand knowledge about whether the convivirs Papagayo, Tagua del Darién or Punta de Piedra paid the AUC?

11. Have you ever met or communicated with any Chiquita executive, representative, or employee?  If so, who?

12. Have you killed, ordered the killing, or participated in the killing of individuals?  If so, how many?  What other crimes have you committed?

13. Did you help arrange or carry out the killing of Carlos Castaño?

14. Did the Fiscalia try to expel you from the Justice-and-Peace process because it determined that you lied in your testimony?

15. Before today, have you talked to anyone about the lawsuits by AUC victims against Chiquita?  If so, who, when, and what did you hear or say?

16. Has anyone asked you to testify about Chiquita and, if so, who?  Has anyone drafted a statement or declaration relating to Chiquita for you to sign?

17. Has anyone given or offered you or anyone you know anything of value to testify about Chiquita?  If so, what?

18. Has anyone provided, offered or paid for security protection for you or anyone you know?  If so, who?

19. Are any of the Colombians suing Chiquita at risk of reprisals from you for having sued Chiquita?

Plaintiffs object or reserve the right to object to the above questions on various grounds. This Court will consider and rule upon Plaintiffs' objections at an appropriate time.

**11. Documents or other property to be inspected (article 3(g))**

None.

**12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3(h))**

This Court requests that the Colombian Judicial Authority instruct a person authorized to administer oaths in Colombia to take the evidence under oath in the manner prescribed under Colombian law. If possible, the deponent should swear to tell "the whole truth and nothing but the truth."

**13. Special methods or procedure to be followed (articles 3(i) and 9)**

This Court requests that the witness testimony be performed in the manner described below:

- **This Court requests that the examination be scheduled so that the witness is available to provide testimony for a total of 14 hours (excluding breaks), and that this examination time be divided equally between Plaintiffs' questions and Defendants' questions.**

- **This Court is aware that this examination has been scheduled for August 12, 2015. This Court requests that the Plaintiffs' examination proceed on August 12 as planned, and that Defendants' examination be scheduled at a later date for an equal amount of examination time.**

- This Court requests that counsel for Plaintiffs and counsel for Defendant be permitted to attend the questioning and to each have a reasonable opportunity to examine and cross examine the witness following the witnesses' responses to the written questions listed in section 10 above.

- This Court requests that Plaintiffs be permitted to conduct oral examination by a single designated liaison counsel for all plaintiffs' groups.

- This Court requests that Defendants be permitted to conduct oral cross-examination by a single designated liaison counsel for all defendants.

- This Court requests that counsel be permitted to present documents to the witness for identification or questioning. For example, Defendants attached to the April 28, 2015 Letter of Request a ruling of the Criminal Chamber of the Colombian Supreme Court dated March 4, 2015, for possible presentation to the Witness. See Annex 1. Other documents may be presented at the time of oral examination.

- This Court requests that the questions posed to the witness and his answers be recorded by a court reporter or by a person able to produce a verbatim transcript of the examination. Counsel for Plaintiffs will provide a reporter certified by the State of Florida.

- This Court requests that the questioning be conducted with the assistance of an interpreter fluent in the English and Spanish languages. Counsel for Plaintiffs and counsel for Defendants will both provide certified interpreters.

14. **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7).**

This Court requests that the following people should be notified of the time and place for the execution of this Request:

John E. Hall
Patrick S. Davies
James M. Garland
Shankar Duraiswamy
José E. Arvelo
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington. D.C. 20001
UNITED STATES OF AMERICA
Telephone: (202) 662-6000
Fax: (202) 662-6291
jhall@cov.com
pdavies@cov.com
jgarland@cov.com
sduraiswamy@cov.com
jarvelo@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 1001
UNITED STATES OF AMERICA
Telephone: (212) 841-1000
Fax: (212) 841-1010
jsperling@ cov.com

***Counsel for Defendants Chiquita Brands International, Inc., Chiquita Fresh North America LLC, and Fernando Aguirre***

Marco Simons

Richard Herz
Michelle Harrison
Jonathan Kaufman
Marissa Vahlsing
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189
marco@earthrights.org
rick@earthrights.org
michelle@earthrights.org
jonathan@earthrights.org
marissa@earthrights.org

***Counsel for John Doe I Plaintiffs***

Paul Wolf
P.O. Box 46213
Denver, CO 80201
(202) 431-6986
paulwolf@yahoo.com

***Counsel for Does 1-144, Does 1-976, Does 1-677, and Does 1-254***

**15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (article 8)**

No attendance of judicial personnel of the requesting authority is requested

**16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (article 11, b)**

The witness may refuse to give evidence insofar as there is a privilege or duty to refuse to give evidence under the laws of the United States or the laws of Colombia.

**17. The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by**

Plaintiffs will bear all fees and costs, which can be billed to:

Marco Simons
EarthRights International
1612 K St. NW, Suite 401
Washington, DC 20006
USA

By:

_____

Honorable Kenneth A. Marra
District Court Judge
United States District Court for the Southern District of Florida
West Palm Beach, Florida
United States of America

Signed in _____, this _____ day of _____, 2015

**CORTE DISTRITAL DE ESTADOS UNIDOS**
**DISTRITO SUR DE FLORIDA**
**Caso No 08-01916-MD-MARRA/JOHNSON**

IN RE CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND SHAREHOLDER DERIVATIVE LITIGATION

———————————————————————————/

Este Documento se relaciona a:
ACCIONES ATS

**ENMIENDA A CARTA DE REQUERIMIENTO DE ASISTENCIA JUDICIAL**
**INTERNACIONAL A LA REPUBLICA DE COLOMBIA**
**PARA LA TOMA DE EVIDENCIA DE JESÚS IGNACIO ROLDAN PÉREZ**

**CARTA DE REQUERIMIENTO ENMENDADA**
Requerimiento de Asistencia Judicial Internacional
De conformidad con la Convención de la Haya del 18 de marzo de 1970
Acerca de la toma de evidencia de asuntos civiles o comerciales
Por la Corte Distrital de los Estados Unidos
Para el Distrito Sur de Florida

Honorable Kenneth A. Marra

**AL MINISTERIO COLOMBIANO DE RELACIONES EXTERIORES:**

La Corte Distrital del Distrito Sureño de Florida de los Estados Unidos presenta sus

saludos al Ministro de Relaciones Exteriores, la autoridad judicial apropiada de la República de

Colombia, **y solicita modificar la solicitud previa de asistencia judicial internacional para**

**obtener el testimonio como testigo de Jesús Ignacio Roldán Pérez.** Esta Corte requiere la

asistencia aquí descrita, de conformidad con la Convención de la Haya del 18 de Marzo de 1970

sobre la Toma de Evidencia en el Exterior en Materia Civil o Comercial, como fuera adoptado e

implementado en los Estados Unidos de America al 28 U.S.C. §1781, y la República de

Colombia por la Ley 1282 de 2009.  La Corte Distrital para el Distrito Sureño de Florida de los

Estados Unidos es una competente corte de justicia e igualdad qué apropiadamente tiene

1

jurisdicción sobre este proceder, y tiene el poder de obligar a la asistencia de testigos y la producción de documentos tanto dentro como fuera de su jurisdicción.

El testimonio como testigo de Jesús Ignacio Roldán Pérez pretende ser usado en procedimientos civiles ante esta corte en la materia anteriormente descrita. **Esta Corte emitió una carta de requerimiento pidiendo este testimonio el día 28 de Abril del 2015. La presente carta rogatoria adicional tiene por objeto garantizar que las partes sean otorgadas un mínimo de 14 horas, divididas por igual entre los Demandantes y los Demandados, para examinar a este testigo. Para tal fin, la Parte 13 de esta carta ha sido enmendada para especificar el tiempo requerido para la examinación.** Este pedido se realiza a sabiendas de que de ninguna manera requerirá que ninguna persona cometa alguna ofensa, o tenga que sobre llevar una forma más amplia de interrogatorio que el que él o ella haría si el litigio fuera conducido en la República de Colombia. En apropiado ejercicio de su autoridad, esta corte ha determinado que el testimonio como testigo de Jesús Ignacio Roldán Pérez no puede ser garantizado excepto con la intervención del Ministerio Colombiano de Relaciones Exteriores.

1. **Remitentes**

Judge Kenneth A. Marra
U.S. District Court for the Southern District of Florida
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis St.
West Palm Beach, FL 33401
USA

2. **Autoridad Central del Estado Requerido**

Ministerio de Relaciones Exteriores
Dirección de Asuntos Migratorios, Consulares, y Servicio al Ciudadano
Edificio Luis López de Mesa
Carrera 6, Número 9- 46
Bogotá D.C.
COLOMBIA

### 3. Persona a quien el requerimiento ejecutado debe ser devuelto

Secretario de la Corte
Corte del Distrito para el Distrito Sureño de Florida de Estados Unidos
8th Floor SOUTH
400 North Miami Ave.
Miami, FL 33128
USA

### 4. Especificación de la fecha en la cual la autoridad que realiza el pedido requiere recibir la respuesta a la Carta de Requerimiento.

#### Fecha

**Agosto 2015**

**Motivo de Urgencia**

El testigo está elegible para liberación de prisión desde el fin de 2014 y será difícil localizarlo después de ser liberado.

### 5. EN CONFORMIDAD CON EL ARTICULO 3 DE LA CONVENCIÓN, EL APLICANTE ABAJO FIRMANTE TIENE EL HONOR DE PRESENTAR EL SIGUIENTE PEDIDO:

#### a. Requerimiento de autoridad judicial (artículo 3(a))

Juez Kenneth A. Marra
U.S. District Court for the Southern District of Florida
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis St.
West Palm Beach, FL 33401
USA

#### b. A la autoridad competente de (artículo 3 (a))

República de Colombia

#### c. Nombre del caso y cualquier número de identificación

*In re Chiquita Brands International. Inc. Alien Tort Statute and Shareholder Derivative Litigation*, No. 08-0 1916-MD-MARRA (S.D. Fla.)

3

6. **Nombres y direcciones de los grupos y sus representantes (incluyendo a los representantes en el Estado requerido) (Artículo 3 (b))**

a. **Demandantes**

Hay varios miles de demandantes individuales, la mayoría de los cuales han sido identificados con seudónimos para su protección.  Los nombres de los demandantes como han sido identificados en los reclamos enmendados más recientes, son:

John Doe I *et al.*
Sara Matilde Moreno Manjarres *et al.*
Antonio Gonzalez Carrizosa *et al.*
José y Josefa López Nos. 1 - 116
Does I  144
Pérezes 96-795
Carmen Túlia Córdoba Cuesta *et al.*
Angela María Henao Montes *et al.*

Todos los demandantes pueden ser contactados por el abogado de John Doe I *et al.*:

Marco Simons
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

**Representantes de los Demandantes**

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Marco Simons
Richard Herz
Michelle Harrison
Jonathan Kaufman
Marissa Vahlsing
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006

Tel: 202-466-5188
Fax: 202-466-5189

Paul L. Hoffman
**Schonbrun, Desimone, Seplow, Harris, Hoffman & Harrison LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-994-5794

John DeLeon, FL Bar No. 650390
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL 33143
Tel: 305-740-5347
Fax: 305-740-5348

***Abogados de los Demandantes John Doe I et al.***

Jonathan C. Reiter
**Law Firm of Jonathan C. Reiter**
350 Fifth Avenue. Suite 2811
New York, NY 10118
Tel: 212-736-0979
Fax: 212-268-5297

Ronald S. Guralnick, FL Bar No. 111476
**Ronald Guralnick, P.A.**
Bank of America Tower at International Place
I 00 S.E. 2d Street, Suite 3300
Miami, FL 33131
Tel: 305-373-0066
Fax: 305-373-1387

*Abogados de los Demandantes Sara Matilde Moreno Manjarres et al.*

William J. Wichmann
Attorney at Law
888 S.E. 3rd Avenue, Suite 400
Fort Lauderdale FL 33316
Tel: 954-522-8999
Fax: 954-449-6332

*Abogados de los Demandantes Antonio Gonzalez Carrizosa, et. al.*

James K. Green, FL Bar No. 229466
**James K. Green, P.A.**
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401
Tel: 561-659-2029
Fax: 561-655-1357

Jack Scarola, FL Bar No. 169440
Wiliam B. King, FL Bar No. 181773
**Searcy Denney Scarola Barnhart & Shipley, P.A.**
2139 Palm Beach Lakes Blvd.
P.O. Drawer 3626
West Palm Beach, FL 33402
Tel: 561-686-6300
Fax: 561-478-0754

*Abogados de los Demandantes Jose y Josefa Lopez Nos. I al 116*

Terrence P. Collingsworth
**Conrad & Scherer, LLP**
1156 15th St. NW, Suite 502
Washington, D.C. 20005
Tel: 202-543-4001
Fax: 866-803-1 125

Eric J. Hager
**Conrad & Scherer, LLP**
Avenida República de El Salvador 500 e lrlanda Edificio Siglo XXI, PII Oficina W Quito, Ecuador
Tel: 954-462-5500 ext. 461
Fax: 866-803-1125

6

***Abogados de los Demandantes DOES 1-144 y PEREZES (96-795), y Carmen Tulia Cordoba Cuesta et al.***

Sigrid S. McCawley
**Boies, Schiller & Flexner LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 954-356-0022

Stephen N. Zack
**Boies, Schiller & Flexner LLP**
100 S.E. Second St., Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Fax: (305) 539-1307

Karen C. Dyer
**Boies, Schiller & Flexner LLP**
121 South Orange Ave., Suite 840
Orlando, FL 32801
Tel: (407) 425-7118
Fax: (407) 425-7047

Nicholas A. Gravante Jr.
Lee S. Wolosky
Magda M. Jiménez Train
**Boies, Schiller & Flexner LLP**
575 Lexington Ave., 7th Floor
New York, NY 10022
Tel: 212-446-2300
Fax: 212-446-2350

***Abogados de los Demandantes Angela Maria Henao Montes, et al.***

   **b.  Demandados**

Los nombres de los demandados son:

Chiquita Brands International, Inc.
Chiquita Fresh North America LLC
Cyrus Freidheim
Robert Olson
Charles Keiser
William Tsacalis
Robert Kistinger
Fernando Aguirre

7

Steven Warshaw
Keith Lindner

Los demandados pueden ser contactados a través del abogado principal para Chiquita Brands
International, Inc.:

John E. Hall
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, D.C. 20001
UNITED STATES OF AMERICA
Telephone: (202) 662-6000
Fax: (202) 662-6291
jhall@cov.com

**<u>Representantes de los Demandados</u>**

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
UNITED STATES OF AMERICA
Telephone: (212) 841-1000
Fax: (212) 841-1010

John E. Hall
Patrick S. Davies
James M. Garland
Shankar Duraiswamy
José L Arvelo
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, D.C. 20001
UNITED STATES OF AMERICA
Telephone: (202) 662-6000
Fax: (202) 662-6291
Fax: (202) 662-6291

***Abogados de Demandados Chiquita Brands International, Inc., Chiquita Fresh North
America LLC y Fernando Aguirre***

Michael G. Austin
Ardith Bronson
DLA PIPER LLP (US)

200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-5341
UNITED STATES OF AMERICA
Telephone: (305) 423-8500
Fax: (305) 503-9583

***Abogados de Demandados Cyrus Freidheim y Robert Kistinger***

David S. Krakoff
James T. Parkinson
BUCKLEYSANDLER LLP
1250 24th Street, N.W., Suite 700
Washington, D.C. 20037
UNITED STATES OF AMERICA
Telephone: (202) 349-8000
Fax: (202) 349-8080

L. Louis Mrachek
MRACHEK, FITZGERALD, ROSE, KONOPKA, THOMAS & WEISS, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, Florida 33401
UNITED STATES OF AMERICA
Telephone: (561) 655-2250
Fax: (561) 655-5537

***Abogados de Demandado Charles Keiser***

J. Michael Burman, Esq.
Bernard A. Lebedeker, Esq.
REID BURMAN LEBEDEKER
222 Lakeview Ave., Suite 1160
West Palm Beach, FL 33401
UNITED STATES OF AMERICA
Telephone: (561) 659-7700
Fax: (561) 659-6377

***Abogados de Demandados Keith Lindner y Steven Warshaw***

Jeffrey A. Neiman
MARCUS NEIMAN & RASHBAUM
100 Southeast Third Avenue
Suite 805
Fort Lauderdale, FL 33394
UNITED STATES OF AMERICA
Telephone: (954) 462-1200

Fax: (954) 688-2492

Elissa J. Preheim
R. Stanton Jones
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
UNITED STATES OF AMERICA
Telephone: (202) 942-5000
Fax: (202) 952-5999

***Abogados de Demandado Robert Olson***

John B. T. Murray, Jr.
SQUIRE PATTON BOGGS (US) LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401
UNITED STATES OF AMERICA
Telephone: (561) 650-7213
Fax: (561) 655-1509

***Abogados de Demandado William Tsacalis***

7.

    a. <u>Naturaleza de los procedimientos (artículo 3 (c))</u>

Acción indemnizatoria por daños y perjuicios

    b. <u>Resumen de la denuncia</u>

Los demandantes alegan que el demandado Chiquita Brands International, Inc. y los demandados individuales apoyaron intencionalmente a grupos paramilitares colombianos en Urabá a cambio de servicios de seguridad y asistencia en la supresión de sindicatos, llevando al asesinato y tortura de los demandantes y miembros de sus familias.

    c. <u>Resumen de defensas</u>

Los demandados arguyen que no son responsables por los daños de los Demandantes, entre otras razones, porque los pagos que dan paso a las reclamaciones de los Demandantes fueron extorsionados, que la Corte no tiene jurisdicción personal o sobre el asunto, que los Demandantes no han afirmado un reclamo sobre el cual pueda otorgarse satisfacción, que las reclamaciones de los Demandantes prescribieron, y que Colombia es el foro más apropiado para adjudicar las reclamaciones restantes.

10

8.

    a.  **Evidencia a ser obtenida u otro acto judicial a ser ejecutado (artículo 3(d))**

Evidencia relacionada a los alegatos y reclamaciones de los Demandantes, y las defensas de los Demandados.

    b.  **Propósito de la evidencia o el acto judicial buscado**

Prueba de las reclamaciones de los Demandantes y de las defensas de los Demandados.

9.  **ldentidad y dirección de la persona a ser examinada (artículo 3(e))**

Jesús Ignacio Roldán Pérez
Cárcel de Itagüí
Carrera 70 Numero 23-10
Barrio San Francisco
Itagüí - Antioquia
COLOMBIA

10.  **Preguntas que han de formularse a las personas que serán examinadas o declaración del sujeto-tema acerca de los cuales han de ser examinados (artículo 3(f))**

Los demandantes desean examinar al Testigo Roldán Pérez acerca de los arreglos de pago entre Chiquita y AUC, enfocándose específicamente en la reunión de 1997 en la qué ejecutivos de Chiquita aceptaron pagar a AUC. Específicamente, los demandantes solicitan información de los siguientes temas:

1.  **Reuniones entre ejecutivos de Chiquita/Banadex y comandantes de AUC**

- ¿Se reunieron alguna vez ejecutivos de Chiquita/Banadex y comandantes AUC? ¿Cómo lo sabe?
- Si se reunieron, ¿de qué hablaron? ¿Cómo lo sabe?
- Si se reunieron, ¿cuáles fueron las circunstancias de la(s) reunión(es)?
- ¿Estuvo presente en alguna de las reuniones'?

2.  **Pagos de Chiquita/Banadex a AUC**

- Por favor díganos todo lo que sabe acerca de los arreglos de pago entre Chiquita y AUC o cualquier división de AUC. ¿Cómo sabe de estas cosas?
- Hubo alguna unidad paramilitar qué sepa usted haya provisto de algún servicio a Chiquita y/o Banadex? ¿Cómo lo sabe?
- Si alguna unidad paramilitar ofreció sus servicios a Chiquita y/o Banadex, fueron esos servicios ofrecidos a cambio de los pagos de Chiquita? ¿Cómo lo sabe?

11

- Hicieron Chiquita y/o Banadex algún arreglo para ocultar pagos a AUC a los entes reguladores del gobierno?  ¿Cómo lo sabe?
- Si hubo algún arreglo para ocultar los pagos realizados, cuáles fueron esos arreglos? ¿Cómo lo sabe?
- ¿Qué hizo AUC con el dinero recibido de Chiquita/Banadex?  ¿Cómo lo sabe?
- ¿El dinero qué recibió AUC de Chiquita/Banadex fue importante para AUC?  ¿Cómo lo sabe?
- Si fue importante,  ¿cómo lo fue?
- Sabían Chiquita/Banadex lo que hacía AUC con el dinero que se le pagó?  ¿Cómo lo sabe?
- Le pidieron Chiquita o Banadex a AUC que utilizara el dinero con un propósito específico?  ¿Cómo lo sabe?
- Si Chiquita o Banadex le pidieron a AUC que utilizara el dinero con un propósito específico, ¿cuál fue ese propósito?  ¿Cómo lo sabe?
- Si Chiquita o Banadex le pidieron a AUC que utilizara el dinero con un propósito específico,  ¿cuál fue la respuesta de AUC?  ¿Cómo lo sabe?
- ¿Chiquita o Banadex le pidieron a AUC que *no* utilizara el dinero con un propósito específico?  ¿Cómo lo sabe?
- Si Chiquita o Banadex le pidieron a AUC que *no* utilizara el dinero con un propósito específico,  ¿cuál fue el motivo?
- Si Chiquita o Banadex le pidieron a AUC que *no* utilizara el dinero con un propósito específico, ¿cuál fue la respuesta de AUC?  ¿Cómo lo sabe?

**3.  Otra ayuda de Chiquita/Banadex a AUC**

- ¿Sabe usted si Chiquita o Banadex ayudaron a AUC a adquirir armas o municiones? ¿Cómo lo sabe?
- Si Chiquita o Banadex ayudaron a AUC a adquirir armas o municiones, por favor explique todo lo qué sabe acerca de eso.

**4.  Alineamiento entre AUC y Chiquita/Banadex**

- Vio el AUC sus intereses alineados con los de Chiquita/Banadex en la guerra civil? ¿Cómo lo sabe?
- Si el AUC vio sus intereses alineados con los de Chiquita/Banadex en la guerra civil ¿de qué manera?
- Vieron Chiquita o Banadex sus intereses alineados con los de AUC?  ¿Cómo lo sabe?
- Si Chiquita o Banadex vieron sus intereses alineados con los de AUC.  ¿de qué manera?

**5.  Contacto entre empleados Chiquita/Banadex y AUC**

- ¿Tuvo algún empleado de Chiquita o Banadex contacto con algún individuo o unidad de AUC?  ¿Cómo lo sabe?
- Si hubo tal contacto, ¿qué empleados de Chiquita/Banadex estuvieron involucrados? ¿Cómo lo sabe?

- Si hubo tal contacto, ¿qué unidades o individuos de AUC estuvieron involucrados'? ¿Cómo lo sabe?
- Si hubo tal contacto, ¿cuál fue el propósito de la comunicación? ¿Cómo lo sabe?
- Si hubo tal contacto, ¿qué se discutió? ¿Cómo lo sabe?
- Si hubo tal contacto, ¿cuál fue la forma de comunicación (Ej.: Por teléfono o en persona)? ¿Cómo lo sabe?

Los Demandados objetan o reservan su derecho a objetar las preguntas anteriores con base en varias razones, incluyendo sin limitaciones falta de fundamento. Esta Corte considerará y decidirá sobre las objeciones de los Demandados en el momento oportuno.

Los Demandados desean preguntar las siguientes preguntas, entre otras:

1. ¿Cuándo fungió como miembro de grupos paramilitares o de autodefensa, incluyendo las AUC, y cuál fue su papel en dicha organización?

2. Como paramilitar, ¿operó o comandó usted algún grupo en las zonas bananeras del Urabá antioqueño y Magdalena?

3. ¿Adquirieron los paramilitares el control efectivo sobre las regiones donde operaban?

4. En su opinión, ¿otorgó las AUC seguridad a la población de las regiones bajo su control? ¿Cómo así?

5. ¿Los paramilitares cometieron actos de violencia contra los que se rehusaban a cumplir sus órdenes y exigencias?

6. ¿Estaba dispuesto y tenía la habilidad el gobierno colombiano de poner freno o contrarrestar a las AUC'?

7. ¿Qué porción de los fondos de las AUC provenía del narcotráfico? ¿Del secuestro? ¿De la extorsión? ¿De Chiquita? ¿De otras fuentes?¿Cómo sabe usted esto?

8. ¿Cobraban las AUC impuestos, peajes o vacunas? ¿Quién las pagaba? ¿Qué empresas? ¿Alguien se rehusó a pagar? ¿Qué les pasó?

9. ¿Tiene usted información personal y de primera mano sobre los pagos de Chiquita a paramilitares?

10. ¿Tiene usted información personal y de primera mano sobre si las convivir Papagayo, Tagua del Darién o Punta de Piedra le pagaban a las AUC?

11. ¿Se ha usted reunido o comunicado con algún ejecutivo, representante o empleado de Chiquita? De ser así, ¿con quién?

12. ¿Usted ha asesinado, ordenado el asesinato o participado en el asesinato de individuos? De ser así ¿cuántos? ¿Qué otros crímenes ha cometido'?

13. ¿Ayudó usted a organizar o realizar el asesinato de Carlos Castaño?

14. ¿Trató la Fiscalía de expulsarlo del proceso de Justicia y Paz porque determinó que había mentido en su testimonio?

15. Antes del día de hoy, ¿ha hablado usted con alguien sobre las demandas de víctimas de las AUC contra Chiquita? De ser así, ¿con quién, cuándo y qué escuchó o dijo usted?

16. ¿Le ha solicitado alguien a usted que rinda testimonio acerca de Chiquita y, de ser así, quién? ¿Ha redactado alguien una declaración relacionada con Chiquita para que usted la firme?

17. ¿Le ha ofrecido alguien a usted o a cualquier persona que usted conozca cualquier cosa de valor para que testifique sobre Chiquita?  De ser así, ¿qué?

18. ¿Alguna persona le ha provisto, ofrecido o pagado protección de seguridad para usted o para cualquier persona que usted conozca?  De ser así, ¿quién?

19. ¿Alguno de los colombianos que están demandando a Chiquita enfrenta riesgo de represalias de parte suya por haber demandado a Chiquita?

Los Demandantes objetan o reservan su derecho a objetar las preguntas anteriores con base en varias razones.  Esta Corte considerará y decidirá sobre las objeciones de los Demandantes en el momento oportuno.

## 11. Documentos u otra propiedad a ser inspeccionada (artículo 3(g))

Ninguno.

## 12. Cualquier requerimiento de que la evidencia sea otorgada bajo juramento o afirmación y cualquier forma especial a ser utilizada (artículo 3(h))

Esta Corte exige que la Autoridad Judicial Colombiana instruya a una persona autorizada para administrar juramentos en Colombia a tomar evidencia bajo juramento en la forma prescrita bajo la ley colombiana. De ser posible, el declarante debería jurar decir "la verdad y nada más que la verdad."

## 13. Métodos especiales o procedimiento a ser seguido (artículos 3(i) y 9)

Esta Corte exige que el testimonio del testigo sea ejecutado de la siguiente manera:

- **Esta Corte pide que la examinación sea programada de manera de que el testigo esté disponible para dar testimonio por un total de 14 horas (excluyendo descansos), y que este tiempo de examinación sea dividido en partes iguales entre las preguntas de los Demandantes y las preguntas de los Demandados.**

- **Esta Corte está consciente de que esta examinación ha sido programada para el 12 de agosto de 2015.  Esta Corte solicita que la examinación de los**

**Demandantes proceda el 12 de agosto tal y como se ha pautado, y que la examinación de los Demandados sea programada para otra fecha por un período de tiempo de examinación equivalente.**

- Esta Corte pide que a los abogados de los Demandantes y a los abogados de los Demandados les sea permitido asistir al interrogatorio y que cada uno tenga una oportunidad razonable de interrogar y contra-interrogar al testigo por un tiempo razonable después de que conteste el testigo las preguntas escritas listadas en la sección 10 arriba.

- Esta Corte pide que sea permitido que un abogado representante examine al testigo en nombre de todos los grupos de Demandantes.

- Esta Corte pide que sea permitido que un abogado representante contra-interrogue al testigo en nombre de todos los Demandados.

- Esta Corte pide que a los abogados les sea permitido presentar documentos para que el testigo los identifique o sea interrogado sobre ellos.  Por ejemplo, los Demandados adjuntaron a la Carta de Requerimiento del 28 de abril de 2015 una decisión de la Sala Penal de la Corte Suprema colombiana con fecha del 4 de marzo de 2015, para su posible presentación al Testigo. Ver Anexo 1. Otros documentos pudieran ser presentados al momento del interrogatorio.

- Esta Corte pide que las preguntas realizadas al testigo y sus respuestas sean grabadas por un reportero de la corte o por una persona capaz de producir una transcripción literal del interrogatorio.  Los abogados de los Demandantes ofrecerán un reportero certificado por el Estado de Florida.

- Esta Corte pide que el interrogatorio sea realizado con la asistencia de un intérprete que domine el inglés y el español.  Los abogados de los Demandantes y los abogados de los Demandados ambos proveerán intérpretes certificados.

**14. Requerimiento de notificación de la hora y lugar para la ejecución de la Petición e identidad y dirección de cualquier persona a ser notificada (artículo 7).**

Esta Corte pide que las siguientes personas sean notificadas de la hora y lugar de la ejecución de este requerimiento:

John E. Hall
Patrick S. Davies
James M. Garland
Shankar Duraiswamy
José E. Arvelo
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington. D.C. 20001

UNITED STATES OF AMERICA
Telephone: (202) 662-6000
Fax: (202) 662-6291
jhall@cov.com
pdavies@cov.com
jgarland@cov.com
sduraiswamy@cov.com
jarvelo@cov.com

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 1001
UNITED STATES OF AMERICA
Telephone: (212) 841-1000
Fax: (212) 841-1010
jsperling@ cov.com

***Abogado de Demandados Chiquita Brands International, Inc., Chiquita Fresh North America LLC y Fernando Aguirre***

Marco Simons
Richard Herz
Michelle Harrison
Jonathan Kaufman
Marissa Vahlsing
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189
marco@earthrights.org
rick@earthrights.org
michelle@earthrights.org
jonathan@earthrights.org
marissa@earthrights.org

***Abogado de los Demandantes John Doe I et al.***

Paul Wolf
P.O. Box 46213
Denver, CO 80201
(202) 431-6986
paulwolf@ yahoo.com

*Abogado de Demandantes Does 1-144, Does 1-976, Does 1-677, y Does 1-254*

### 15. Requerimiento de asistencia o participación del personal judicial de la autoridad en la ejecución de la Carta de Requerimiento (artículo 8)

No se requiere la asistencia del personal judicial de la autoridad.

### 16. Especificación de privilegios o deber para negarse a ofrecer evidencia bajo la ley del Estado de origen (artículo 11, b)

El testigo puede rehusarse a ofrecer evidencia siempre y cuando haya un privilegio o deber para negarse a dar evidencia bajo las leyes de los Estados Unidos o las leyes de Colombia.

### 17. Los honorarios y costos en los que se incurra que sean reembolsables de acuerdo al segundo párrafo del artículo 14 o bajo el artículo 26 de la Convención estarán a cargo de:

Los demandantes correrán con todas las tarifas y costos, que pueden ser facturados a:

Marco Simons
EarthRights International
1612 K St. NW, Suite 401
Washington, DC 20006
USA

Por:

_____
Honorable Kenneth A. Marra
Juez de la Corte Distrital
Corte Distrital del Distrito Sureño de Florida de Estados Unidos
West Palm Beach, Florida
Estados Unidos de Norte America

Firmado el día ____ de _____, 2015.

17