# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

Case No. 9:08-cv-80465-KAM

DOES (1-144), PEREZES (1-95), PEREZES (96-795),
and Carmen Tulia Cordoba Cuesta et al.

               Plaintiffs,

v.

CHIQUITA BRANDS INTERNATIONAL, INC. ET AL

               Defendants
_____/

**PLAINTIFFS' FOURTH AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS CHIQUITA BRANDS INTERNATIONAL, INC. AND CHIQUITA FRESH NORTH AMERICA LLC'S
SPECIAL INTERROGATORY NUMBER 1**

     Plaintiffs, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure 26 and 33, and in compliance with the Court's Order dated May 5, 2015, ECF No. 797, hereby amend their response to Defendants CHIQUITA BRANDS INTERNATIONAL, INC. and CHIQUITA FRESH NORTH AMERICA LLC's Special Interrogatory Number 1, dated April 17, 2105. Plaintiffs incorporate by reference as if they were fully set forth herein every reservation of rights, every general objection, and every specific objection set forth in Plaintiffs' initial April 22, 2015 Responses to Defendants' Special Interrogatories, Plaintiffs' May 8, 2015 First Amended Responses to Defendants' Special Interrogatories, Plaintiffs' May 19, 2015 Second Amended Responses to Defendants' Special Interrogatories, and Plaintiffs'

1

June 1, 2015 Third Amended Responses to Defendants' Special Interrogatories. Subject to and without waiving these fully incorporated reservations of rights and objections previously made, Plaintiffs respond as follows:

**INTERROGATORY NO. 1**
For each Payment made by, on behalf of, or at the request of any Plaintiffs' Counsel for the benefit of any Witness or any Agent, Relative, or Associate of a Witness, identify the date of the Payment, the nature of the Payment and its amount or value, the source of the Payment, the payor, the recipient, the method by which it was paid, its purpose, and, where applicable, the Witness of whom the beneficiary of the payment is or was an Agent, Relative, or Associate.

**FOURTH AMENDED RESPONSE:**

Plaintiffs incorporate their prior response and the specific objections made in their June 1, 2015 Third Amended Responses to Defendants' Special Interrogatory Number 1 and supplement their response as follows:

Another potential crossover witness who may have knowledge of facts pertaining to the *Drummond*, *Dole* and *Chiquita* cases is Jairo Alfonso Samper Cantillo, alias "Lucho." As Plaintiffs stated in their Third Amended Response to Defendants' Special Interrogatory No. 2, no payments of any sort were made by them, or their agents, representatives or anyone else on their behalf, to Mr. Samper.

Another potential crossover witness who may have knowledge of facts pertaining to the *Drummond*, *Dole* and *Chiquita* cases is Edgar Ariel Cordoba Trujillo, alias "57." Plaintiffs are disclosing this to ensure accuracy of their representation about possible crossover witnesses. No payments of any sort were made by Plaintiffs, or their agents, representatives or anyone else on their behalf, to Mr. Cordoba.

While Plaintiffs dispute whether this is a payment "for the benefit of any Witness or any Agent, Relative, or Associate of a Witness," in the interests of full disclosure, counsel for Plaintiffs made an agreement on October 24, 2012 with a confidential source who is a

2

Colombian lawyer, ("CCA1"), and who also served as the contact person for Plaintiffs' discussions with Hasbún (and whose name Plaintiffs provided to Defendants on an Attorneys Eyes Only basis), to provide him with $4,000 to cover his costs associated with arranging meetings with Mancuso and Hasbún. CCA1 had traveled to the United States on October 23, 2012 to help facilitate a meeting on October 24, 2012 between counsel for Plaintiffs and Mancuso at a prison in Virginia. As far as Plaintiffs know, CCA1 has never represented Mancuso but had access to him through a mutual friend. At a later date, CCA1 also incurred costs in arranging another meeting between counsel for Plaintiffs and Hasbún. That meeting was likely in November 2012. Plaintiffs understood that the entire $4,000 provided to CCA1 was for his costs, including travel, as well as for lost income. None of these funds benefitted Mancuso or Hasbún.

DATED: July 30, 2015

Respectfully Submitted,

_____
Terry Collingsworth, Esq. (admitted *Pro Hac Vice*)
Conrad & Scherer, LLP
1301 Connecticut Avenue NW, Suite 350
Washington, D.C. 20036
Phone: 202-543-4001
Fax: 866-803-1125
tcollingsworth@conradscherer.com

William R. Scherer (Fla. Bar No. 169454)
633 South Federal Highway, 8th Floor
Fort Lauderdale, Florida 33301
Phone: 954-462-5500
Fax: 954-463-9244
wscherer@conradscherer.com

*Attorneys for Plaintiffs, DOES 1-144,
PEREZES 1-95, PEREZES 96-795,
and Carmen Tulia Cordoba Cuesta et al.*

3