UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTION

    08-80421-CIV-MARRA
    08-80465-CIV-MARRA
_____/

**DEFENDANT ROBERT OLSON'S SUPPLEMENTAL REPLY IN
SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINTS**

Elissa J. Preheim
  (admitted *pro hac vice*)
R. Stanton Jones
  (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
Tel: (202) 942-5000
Fax: (202) 952-5999
elissa.preheim@aporter.com
stanton.jones@aporter.com

Jeffrey A. Neiman
  (Florida Bar Number 544469)
Matthew R. Chaves
  (Florida Bar Number 104942)
MARCUS NEIMAN & RASHBAUM LLP
100 Southeast Third Avenue
Suite 805
Fort Lauderdale, FL 33394
Tel: (954) 462-1200
Fax: (954) 688-2492
jneiman@mnrlawfirm.com
mchaves@mnrlawfirm.com

*Counsel for Defendant Robert Olson*

Plaintiffs' complaints concede that Mr. Olson did not learn of payments by Chiquita's subsidiary to the AUC until *after* those payments had begun and that Mr. Olson subsequently *disclosed* the payments to the U.S. Department of Justice ("DOJ"). In the face of these undisputed facts, Plaintiffs' opposition brief (DE 830) attempts to salvage their baseless claims against Mr. Olson by repeatedly mischaracterizing the allegations in Plaintiffs' complaints. Those complaints offer only boilerplate, conclusory assertions that Mr. Olson was one of an unknown number of "senior executives" who "reviewed and approved" payments to the AUC and approved unspecified procedures to disguise the payments. Because Plaintiffs fail to allege facts showing that Mr. Olson knew of the AUC's killing and torture of Colombian civilians or substantially assisted in that conduct, or that he entered into any agreement with the AUC to kill and torture Colombian civilians, their TVPA claims must be dismissed.[1]

I.  **Plaintiffs Have Not Adequately Pled That Mr. Olson Knowingly and Substantially Assisted the AUC's Killing and Torture of Colombian Civilians.**

*Actual knowledge.* Plaintiffs must allege that Mr. Olson had actual knowledge of the AUC's *torture and killing of Colombian civilians*. *See* Joint Reply at 17. The *Does 1-144* Plaintiffs allege only that Mr. Olson "learned about payments to the convivirs, at the latest, in 1997" and "learned of the connection between the convivirs and the AUC." *Does 1-144* Third Am. Compl. (DE 575) ¶ 2038. These allegations do not suggest that Mr. Olson had even a general awareness of the nature of the AUC's activities in Colombia, let alone actual knowledge that the AUC was engaged in the torture and killing of Colombian civilians. The *Does 1-11* Plaintiffs allege in conclusory form that "Chiquita's senior executives knew that . . . the AUC

---

[1] Mr. Olson submits this brief as a supplement to the Joint Reply to Plaintiffs' Opposition to Individual Defendants' Joint Consolidation Motion to Dismiss Plaintiffs' Amended Complaints (the "Joint Reply") and in further support of his supplemental brief in support of his motion to dismiss (DE 736, "Supp. Br.").

was a violent, paramilitary organization led by Carlos Castaño." *Does 1-11* Second Am. Compl. (DE 589) ¶ 86. But this conclusory, collective allegation is not entitled to an assumption of truth, and even if it were, Mr. Olson's general awareness that the AUC was a quasi-military militia fighting armed rebels does not equate to actual knowledge that the AUC was killing and torturing Colombian *civilians*. *See* Joint Reply at 17.

***Substantial assistance.*** In arguing that they have adequately pled "substantial assistance," Plaintiffs point to their inclusion of Mr. Olson in the complaints' boilerplate allegations that various "senior executives" and "high-ranking directors, officers, and employees" "reviewed and approved" payments. DE 589 ¶ 86; DE 575 ¶ 2038. These conclusory, collective allegations — absent any *individualized* factual allegations regarding Mr. Olson's purported role in approving payments to the AUC, including which payments he supposedly approved and when or how he did so — are not entitled to any assumption of truth (*see* Supp. Br. at 3-4) and are so vague that they cannot "plausibly establish [Plaintiffs'] entitlement to any relief."[2] Even if the Court were to credit such conclusory assertions, Plaintiffs allege that Mr. Olson is just one of an unknown number of "senior executives" who approved the payments to the AUC, and thus their collective allegations cannot plausibly establish that Mr. Olson's *particular* involvement was necessary, much less "integral," to the AUC's killing and torture of thousands of Colombian civilians.

Plaintiffs also point to their allegation that Mr. Olson approved some unspecified procedures to disguise the payments (DE 589 ¶ 88; DE 575 ¶ 2038), but this fails to adequately

---

[2] *C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 634 (8th Cir. 2010) (rejecting allegations that misconduct occurred "on unspecified dates and under circumstances not described" because "[s]uch vague allegations neither provide [defendant] with fair notice of the nature of [plaintiff's] claims and the grounds upon which those claims rest nor plausibly establish [plaintiff's] entitlement to any relief").

plead the element of substantial assistance for three reasons. First, such vague, conclusory allegations are not entitled to any assumption of truth. *See* Joint Reply at 15-16.[3] Second, the allegations are absurd on their face; as Plaintiffs allege, it was Mr. Olson who authorized Chiquita's outside counsel to *disclose* the payments to the Department of Justice in early April 2003. DE 575 ¶ 2056. Third, Plaintiffs allege no facts explaining how approval of the unspecified procedures was somehow "integral" to the AUC's killing and torturing of thousands of Colombian civilians. As Plaintiffs' own cases make clear, concealment of wrongful conduct constitutes substantial assistance only where the defendant concealed *the principal's conduct* (here, the AUC's), enabling it to evade detection.[4]

Plaintiffs' *brief* also argues that Mr. Olson "misrepresented the position of the Department of Justice, thus allowing the payments to continue" and "continued to urge the Audit Committee to make the payments, misrepresenting the government's position." Opp. Br. at 2, 4. But Plaintiffs' *complaints* do *not* (and cannot) allege that Mr. Olson misrepresented DOJ's position to the Audit Committee, or that payments continued because of that misrepresentation.

## II. Plaintiffs Have Not Adequately Pled That Mr. Olson Entered Into an Agreement with the AUC to Torture and Kill Colombian Civilians.

Plaintiffs argue that in order to state a claim for conspiracy under the TVPA, they must allege only that Mr. Olson intended to "procure the services of the AUC, so that Chiquita could

---

[3] Plaintiffs assert in their brief that in 2002 Mr. Olson "specifically approved new concealment procedures whereby Chiquita cut checks to Banadex employees" (Opp. Br. at 1), but Plaintiffs do not support this assertion with anything other than a conclusory allegation in their complaint that "Olson, Hills and other individuals . . . reviewed and implemented these procedures." DE 589 ¶ 88; *see also* DE 575 ¶ 2038 (conclusory allegation that "Defendant Olson also reviewed and approved procedures for disguising payments").

[4] *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1410-11 (11th Cir. 1994) (concealment of racketeering activity); *Halberstam v. Welch*, 705 F.2d 472, 488 (D.C. Cir. 1983) (concealment of robberies); *Resolution Trust Corp. v. Spagnoli*, 811 F. Supp. 1005, 1014 (D.N.J 1993) (concealment of scheme to defraud bank).

control" Colombia's banana-growing regions. Opp. Br. at 5. But the Court has already held that, to plead conspiracy liability, Plaintiffs must allege that the defendants entered into an agreement with the AUC with the purpose or intent to torture and kill Colombian civilians. *See* Joint Reply at 18. Apparently recognizing this, Plaintiffs argue in the alternative that they have, in fact, alleged that Mr. Olson intended that the AUC torture and kill Colombian civilians. Opp. Br. at 5. But the few specific references to Mr. Olson in Plaintiffs' complaints allege only that he was involved in approving payments and implementing procedures to disguise them. DE 589 ¶¶ 19, 86, 88; DE 575 ¶ 2038. As explained above, Plaintiffs' complaints do not suggest that Mr. Olson even *knew* of the AUC's torture and killing of Colombian civilians, much less that he shared this goal and intended to further it.[5] And absent allegations sufficient to show that Mr. Olson and the AUC shared a common purpose or intent to kill and torture Colombian civilians, by definition, there is no basis to conclude that Mr. Olson joined in any "agreement" with the AUC to achieve that goal.

## CONCLUSION

For the aforementioned reasons, and those stated in the Joint Brief, the Court should dismiss the *Does 1-144* and *Does 1-11* plaintiffs' TVPA claims against Mr. Olson.

---

[5] As explained in Mr. Olson's opening supplemental brief, the allegations are equally consistent with the alternative explanation that Mr. Olson's alleged involvement in payments to the AUC was driven by a fear of violent retribution against Chiquita's employees in Colombia. Supp. Br. at 6-7. Plaintiffs argue that a court may not consider this alternative explanation so long as the plaintiffs' explanation of the allegations is plausible. *See* Opp. Br. at 6. In *Mamani* and *Iqbal*, however, it was precisely the availability of a plausible alternative explanation that rendered plaintiffs' otherwise plausible allegations regarding the defendants' purpose or intent implausible. *See* Joint Reply at 19.

4

Dated:  August 21, 2015          Respectfully submitted,

    /s/ Jeffrey A. Neiman
Jeffrey A. Neiman
  (Florida Bar Number 544469)
Matthew R. Chaves
  (Florida Bar Number 104942)
MARCUS NEIMAN & RASHBAUM LLP
100 Southeast Third Avenue
Suite 805
Fort Lauderdale, FL 33394
Tel: (954) 462-1200
Fax: (954) 688-2492
jneiman@mnrlawfirm.com
mchaves@mnrlawfirm.com

Elissa J. Preheim
  (admitted *pro hac vice*)
R. Stanton Jones
  (admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington DC 20004
Tel: (202) 942-5000
Fax: (202) 942-5999
elissa.preheim@aporter.com
stanton.jones@aporter.com

*Counsel for Defendant Robert Olson*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 21st day of August, 2015.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.


      By:    /s/ Jeffrey A. Neiman
                 Jeffrey A. Neiman