# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS

      08-80421-CIV-MARRA
      08-80465-CIV-MARRA
      08-80508-CIV-MARRA
      10-60573-CIV-MARRA
      08-80480-CIV-MARRA
_____/

## CHIQUITA'S RESPONSE TO PLAINTIFFS' "NOTICE"

In their "Notice of Newly Discovered Information Relevant to Defendants' Motion to Dismiss on *Forum Non Conveniens* Grounds" (D.E. 946 (Dec. 2, 2015)), Plaintiffs contend—for the first time—that courts may decide *forum non conveniens* ("FNC") motions based on newspaper articles and other evidence inadmissible under the Federal Rules of Evidence. (*Id.* at 4.) This argument is incorrect.

The law is well-settled that newspaper articles are inadmissible hearsay when offered for the truth of the matter asserted. *See, e.g.*, *Burdeaux v. Royal Caribbean Cruises, Ltd.*, No. 11-22798-CIV, 2012 WL 3202948, at *6 n.6 (S.D. Fla. Aug. 3, 2012) ("[N]ewspaper articles would clearly be inadmissible if admitted to establish the truth of their contents."), aff'd, 562 F. App'x 932 (11th Cir. 2014). Chiquita is unaware of any case holding that the Federal Rules of Evidence do not apply for FNC motions, and neither case cited by Plaintiffs supports such a rule. In *Leon*, the Eleventh Circuit did not even address whether the Federal Rules of Evidence apply to FNC motions. Instead, the court of appeals simply cited a newspaper article in a footnote

when discussing developments that had occurred after the district court's ruling. 251 F.3d at 1313 & n.3. The decision in *Jakaj* is even further afield. There, the Second Circuit approved of an immigration judge's reliance on newspaper articles in an immigration proceeding. *Id.* at 28. That decision is immaterial because "the Federal Rules of Evidence do not apply in immigration proceedings." *Hincapie v. U.S. Atty. Gen.*, 604 F. App'x 882, 884 (11th Cir. 2015).

Even if Plaintiffs were correct that the Federal Rules of Evidence do not apply to FNC motions, this would not help them. Plaintiffs purport to present "new evidence" that allegedly "shows that the security risks in Colombia cited by Plaintiffs in their Memorandum have intensified over the past year" (D.E. 946, at 1), but they ignore recent evidence showing precisely the opposite and come no closer to showing that pursuing their claims against Chiquita in Colombia would in any way pose heightened risks to their safety.

*First*, the evidence shows that security risks in Colombia have continued to *decrease* in the past few months, not the opposite. As noted in the attached expert declaration of Michael Shifter, Colombia is now experiencing the lowest levels of violence since 1975. (Third Shifter Decl. ¶ 3 (attached hereto as Exhibit1).) The number of homicides and kidnappings through October, for example, is lower than that for the same period in 2014, which was already a record-breaking year in the reduction of those violent crimes. (*Id.*) As an illustration of this trend, on October 25, Colombia held the "most peaceful, calm, and safe" election in recent memory. (*Id.* ¶ 4.) And the Colombian government continues to crack down against the very criminal gangs that appear to be responsible for the threats and violence Plaintiffs feature. (*Id.* ¶ 5.)

*Second*, ignoring evidence of Colombia's overall security improvements, Plaintiffs focus on reports of recent threats and attacks that have no bearing on whether there are risks to asserting the claims that are the subject of Chiquita's FNC motion. As they did in their FNC

2

opposition, Plaintiffs point to reports of threats and continued attacks against "human rights defenders" and land-restitution claimants (*e.g.*, D.E. 946, at 2-3).  But they ignore the fact that Plaintiffs are neither.  They are not seeking to recover land from other Colombians and they are not seeking to advance a political agenda in favor of expanded human rights.  They are asserting private damages claims against a non-Colombian corporation.  There is simply no evidence—not in Plaintiffs' original opposition, nor in this most recent filing—that supports a finding that by making *these claims against Chiquita*, Plaintiffs face a security risk.  And there is certainly no evidence to explain how any such risk—if it existed—would be greater because the claims are asserted in Colombia rather than in the U.S. (*see* Chiquita's Reply at 2, 7-12 (D.E. 899)).

Having reviewed Plaintiffs' "new" evidence, Mr. Shifter stands by his unrebutted opinion that "Colombian citizens would not expose themselves to heightened security risks from pursuing their lawsuits against [Chiquita] in Colombia for its alleged responsibility for acts of violence committed by former AUC members in that country."  (Third Shifter Decl. ¶¶ 2, 6.)

Dated:  December 9, 2015                                  Respectfully submitted,

| | |
|---|---|
| John E. Hall | __/s/ James C. Gavigan, Jr._____ |
| Mark W. Mosier | Sidney A. Stubbs (Fla. Bar No. 095596) |
| Shankar Duraiswamy | sstubbs@jonesfoster.com |
| José E. Arvelo | Robert W. Wilkins (Fla. Bar No. 578721) |
| COVINGTON & BURLING LLP | rwilkins@jonesfoster.com |
| One CityCenter | James C. Gavigan, Jr. (Fla. Bar No. 0085909) |
| 850 Tenth Street NW | jgavigan@jonesfoster.com |
| Washington, D.C. 20001 | JONES, FOSTER, JOHNSTON & STUBBS, P.A. |
| Telephone: (202) 662-6000 | 505 South Flagler Drive, Suite 1100 |
| Facsimile: (202) 662-6291 | West Palm Beach, Florida 33401 |
| | Telephone: (561) 659-3000 |
| Jonathan M. Sperling | Facsimile: (561) 650-5300 |
| COVINGTON & BURLING LLP | |
| The New York Times Building | |
| 620 Eighth Avenue | |
| New York, NY  10018 | |
| Telephone:  (212) 841-1000 | *Counsel for Chiquita Brands International, Inc.* |
| Facsimile:  (212) 841-1010 | *and Chiquita Fresh North America, LLC* |

3